**Joseph SCHWARZ, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 46, Docket 31374.**

United States Court of Appeals Second Circuit.

Argued Sept. 27, 1967.

Decided Nov. 8, 1967.

---

James Dempsey, White Plains, N. Y., for plaintiff-appellant.

Martin Paul Solomon, Asst. U. S. Atty., So. Dist. New York (Robert M. Morgenthau, U. S. Atty., and Lawrence W. Shilling, Asst. U. S. Atty., on the brief), for defendant-appellee.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Thomas F. Murphy, Judge, filed March 14, 1967, dismissing the plaintiff's complaint pursuant to Rule 41(b), Fed.Rules of Civ. Procedure, for failure to prosecute; from an order filed March 17, 1967, denying plaintiff's motion for an order pursuant to Rule 60(b), Fed.Rules of Civ.Procedure, vacating the judgment of dismissal; and from an order filed on April 5, 1967 granting plaintiff's motion for reargument of his Rule 60(b) motion and, upon reargument, adhering to the original decision. We find no error, and affirm the judgment and orders.

Plaintiff's action was brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., to recover damages for personal injuries sustained when he was struck by a jeep owned by the United States and operated by a military policeman in the service of the United States Army. The complaint alleged negligence on the part of the defendant and its agents, employees, etc.

The action was commenced on January 9, 1962, and issue was joined on May 9, 1962. The case was dismissed for lack of prosecution on August 27, 1963, but restored to the docket on October 1 of that year on application of plaintiff to the Chief Judge. The delay at that time was apparently caused by plaintiff's counsel's rather leisurely attempts to locate witnesses—soldiers who were riding in the jeep at the time of the accident. Appellee contends that the allegations in appellant's brief as to his attempts to locate the witnesses should not be considered by this court on appeal, since they are not part of the record. However, the affidavit of Attorney McCaffrey filed in support of the motion for reargument appears to allege many of the same excuses, and they may be considered as part of the history of the case before the ruling.

A note of issue was filed on November 15, 1963. Asst. U. S. Attorney Solomon, in charge of this case for the defendant, stated in an affidavit filed in opposition to the motion to vacate the dismissal that when his office, on or about December 22, 1966, received notice from the court that a pre-trial conference was scheduled for December 27, he called the office of plaintiff's attorney, Mr. Dempsey, to discuss the case, and that a Mr. Moynahan of that office advised him that no one in the office was familiar with the case, that no one would attend the pre-trial conference, and that he would appreciate Solomon's advising Judge Murphy that plaintiff would be ready for trial in late January, 1967. Solomon attended the scheduled conference at Judge Murphy's chambers and Judge Murphy set the trial date of January 20, 1967. Solomon telephoned Mr. Moynahan immediately after the setting of the trial date as January 20; the next time he heard from Dempsey's office was on January 12, when he was advised by Mr. McCaffrey that McCaffrey was going to try the case in place of Dempsey. Solomon asserted that he renewed a request he had made on December 27 to ascertain what plaintiff's settlement demand was, and that he, McCaffrey, was totally unfamiliar with the case. The affidavit continues: "I did not hear from Mr. McCaffrey until Thursday afternoon, January 19, at which time he advised me that he was not prepared to go to trial the next morning."

The only respect in which plaintiff and his attorneys appear to dispute Solomon's version of the facts as summarized is as to the substance of what Moynahan told Solomon on December 22. McCaffrey states in an affidvit filed in support of the motion for reargument that Moynahan did not say that no one in the office was familiar with the case.

McCaffrey appeared in court on January 20, the date set for trial, having attempted the preceding afternoon to advise Judge Murphy that he was not prepared to try the case. He advised Judge Murphy that he and Dempsey had been occupied trying other cases, that he had not had an opportunity to see the file, and that he was not ready. Solomon advised Judge Murphy that the case had been dismissed in 1963 for failure to prosecute, that he was in contact with Dempsey's office on December 27 and that they were well aware of the trial date. Thereupon he moved to dismiss the case, and the motion was granted. The final judgment, and plaintiff's motions to vacate and for reargument, followed in March and April.

A dismissal with prejudice for failure to prosecute will not be reversed except for abuse of discretion. A Rule 60(b) motion to vacate a judgment is also addressed to the discretion of the District Court. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966).

In attempting to show that Judge Murphy abused his discretion in granting the motion to dismiss and in denying plaintiff's motion to vacate, plaintiff sets out circumstances which, he alleges, show that the neglect of counsel was "excusable" in this case.

Plaintiff asserts that at all times it was the intention that Dempsey would try the case; that as the trial date approached Dempsey found himself on trial in the Supreme Court of New York County, and had assignments in other jurisdictions as well; that in the afternoon of January 19, 1967, when it appeared that Dempsey would be personally engaged on the next day, he asked McCaffrey if he would proceed to the trial in this case; that McCaffrey found on January 19 that he was unable to proceed with the presentation of testimony on January 20; and that McCaffrey applied to Judge Murphy on January 20 for a brief adjournment.

It is hard to see how plaintiff can contend that it was an abuse of discretion for Judge Murphy to rule that the circumstances set out above showed inexcusable neglect, especially in light of the fact that it must have become apparent to plaintiff's counsel well in advance of January 19 that they could not proceed to trial on the 20th. Yet they waited until the 19th, the eve of the trial date, before attempting to advise the court of that fact.

We have found no case of reversal by an appellate court of a District Court's exercise of discretion in circumstances such as these. (L. P. Stewart, Inc. v. Matthews, 117 U.S.App.D.C. 279, 329 F.2d 234 (1964), cert. denied 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 involved a holding that the District Court did not abuse its discretion in *granting* a motion to reinstate a suit, despite a showing of gross neglect by counsel.)

Judge Murphy said, in adhering to his original decision on the motion for reargument:

"We are completely satisfied that the plaintiff's case was never prepared for trial and that counsel for the plaintiff never had any intentions to try it on the day that was set and agreed to on December 27, 1966, i. e., January 20, 1967."

Plaintiff's counsel alleged that they intended to try the case on the day set, but are able to point to no support in the record for this claim. No steps taken to get ready are shown. No depositions were ever taken, or interrogatories served on prospective witnesses, in the five years the case was pending.

Unfortunately, it may be that plaintiff has a meritorious cause of action and will be denied his day in court. This does not, however, require reversal. Link v. Wabash Railroad Co., supra. As the Supreme Court pointed out in footnote 10 in the opinion in *Link*, if the attorney's conduct was substantially below what is reasonable under the circum-

stances, the client's remedy is a suit for malpractice. If the trial court's commendable efforts to move business on its calendars are ever to succeed, they must be supported. A client damaged by such neglect has his remedy against counsel. Here plaintiff's attorney apparently took on more cases than he could reasonably well handle, thoroughly neglected this one, let years go by and then, having reached a place on the trial calendar, ignored his responsibility either to prepare for trial or make timely arrangements otherwise.

Under the circumstances, we cannot say that the remedy of dismissal of this five year old action was an abuse of discretion. We would, however, suggest that the court keep in mind the possibility, in future cases of inexcusable neglect by counsel, of imposing substantial costs and attorney's fees payable by offending counsel personally to the opposing party, as an alternative to the drastic remedy of dismissal.

The judgment and orders appealed from are affirmed.

KAUFMAN, Circuit Judge:
I concur in the result.