Frank A. VITARELLE, Plaintiff,

v.

The LONG ISLAND RAILROAD COM-
PANY, Defendant.

No. 65 Civ. 3631.

United States District Court
S. D. New York.

Dec. 3, 1968.

Edward G. Dougherty, New York City, for plaintiff, Peter M. J. Reilly, New York City, of counsel.

George M. Onken, Jamaica, N. Y., for defendant, William J. Pallas, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiff, claiming that his hand was injured by defendant's negligence while he was repairing one of its railroad cars, brought this action under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. The action was tried on October 21, 1968, and the jury returned a verdict in defendant's favor. Plaintiff now moves under Rule 59(a), Fed.R.Civ.P., to set aside the verdict and for a new trial for the following reasons: the court did not give proper notice of the time for trial of this action, the court abused its discretion in denying a continuance, and the court did not rule on plaintiff's requests to charge.

This case was assigned to us for trial on October 8, 1968 and listed in the New York Law Journal commencing October 9 as case number 7 on our list of cases, with the notation that cases would be tried one to follow the other in the order listed. Every day during the week commencing October 14, 1968, this case appeared as number 3 on our list. The courtroom deputy clerk, at our direction, called counsel on Thursday, October 17 of that week, and again informed them that the cases on our list would be tried one to follow the other, that a day certain for trial would not be given, and that counsel must be ready in all respects to go to trial when reached, with no waiting for witnesses. The deputy clerk then estimated that this case would go to trial on Monday, October 21, 1968, or Tuesday, October 22, 1968.

On Monday morning, October 21, we commenced trial of the first case. At the same time, counsel for the second case on our trial list informed the deputy clerk that they had settled and would sign a stipulation of discontinuance. After one witness testified in the first case for approximately ten minutes, and at about 10:30 A.M., the parties asked for a recess to discuss settlement. The deputy clerk immediately called counsel in this case and alerted them to be ready for trial that afternoon at 2:15 P.M. When the first case actually settled, the clerk again called counsel and confirmed the 2:15 P.M. Monday trial date.

Plaintiff's associate counsel, Mr. Tellier, stated at trial that the courtroom deputy clerk told him that this case would not be tried until Tuesday, October 22, 1968. We rejected the assertion then because it was at variance with the deputy clerk's statement, and on its renewal in this motion, we reject it again.

We have never given nor authorized anyone else to give days certain for routine civil trials like this one since that procedure causes idle gaps in the trial calendar. If we had given this case a Tuesday trial date, we would have spent Monday afternoon in chambers, and the jury panel would have remained in the petit jury assembly room. Many idle afternoons for judges and juries have resulted from such a practice. Such avoidable idle gaps are indefensible with the congestion confronting this court with 11,584 civil cases clogging its dockets and approximately 1,500 criminal cases awaiting trial. The normal case now takes almost four years from commencement to disposition and must wait 38 months from joinder of issue until trial.[*]

Relying on Calendar Rule 6(D) of this Court, which provides that "causes on the Ready Day Calendar must be ready to proceed to trial on 24 hour telephonic notice to the attorneys," plaintiff argues that he was entitled to 24 hours notice before actual trial. The

---

[*] Hearings Before the Subcommittee on Improvements in the Judicial Machinery of the Senate Committee on the Judiciary, 90th Cong., 2d Sess., p. 20 (1968).

argument is based on a common misconception of the rule. Quagliano v. United States, 293 F.Supp. 670, S.D.N.Y., Nov. 27, 1968. Plaintiff overlooks the fact that his case was no longer on the Ready Day Calendar after it was assigned to us for trial on October 8. Once assigned, parties are not entitled to 24 hours notice but only to such notice as will afford them "a reasonable opportunity to reach" court in time for trial. Calendar Rule 8(b).

█ Counsel here received almost two weeks' notice before this case actually came to trial. In addition, the clerk notified and alerted them on four occasions. They, therefore, received far more notice than they were entitled to and were warned in advance, both by the fact that cases were listed in the Law Journal for trial one to follow the other and by the clerk that they must be ready to proceed on short notice.

Plaintiff's next argument is that we abused our discretion in denying a continuance when requested. He states that our denial precluded him from bringing in a fact witness, said to be of critical importance to plaintiff's case, as well as the treating physician. Both, we are told, would have been able to appear on October 22, 1968.

█ Counsel does not deny that he was told that we would not wait for witnesses. If we did, almost every case would be stretched to twice its required length. Counsel neither identified nor made any offer of proof respecting a fact witness. The physician's absence did not prejudice plaintiff, since the jury found defendant not liable and, therefore, never considered the issue of damages. If a witness' testimony is critical, counsel should have the foresight to preserve it in a deposition and use the deposition at trial in the event of the witness' absence. Rule 26(a), (d), Fed.R.Civ.P. Finally, the rules of this court provide that "the responsibility for the appearance of * * * witnesses in court in readiness for trial is on the attorneys" and not on the court.

█ The facts here, in view of the alarming statistics of our calendar backlog, did not justify granting a continuance. A plaintiff who fails to have his witnesses in court, even though warned well in advance that we would not wait for witnesses, must suffer the consequences. The rules of this court must be enforced if we are ever to achieve our goal of current calendars. See Davis v. United Fruit Co., 402 F.2d 328 (2d Cir. 1968); Peterson v. Terminal Taxi, Inc., 45 F.R.D. 349, (S.D.N.Y. 1968).

█ Plaintiff's final argument is that we erred in failing to rule on his requests to charge submitted prior to trial. We considered the requests as we were required to do. Rule 51, Fed.R.Civ.P. Manifestly, in this routine F.E.L.A. case, we rejected the requests, although without formal ruling, to the extent that they differed from the charge which we gave. The stock requests submitted were, in our opinion, either incorrect, unfair, prejudicial, misleading, verbose, inapplicable to the proof at trial, too favorable to plaintiff or confusing. Counsel shows no prejudice resulting from our failure to rule on his request prior to his summation. If we erred, it was harmless in the circumstances, for counsel was given, and availed himself of, a full opportunity to take exceptions. He took three exceptions, one of which we accepted and instructed the jury accordingly.

Accordingly, plaintiff's motion to set aside the verdict and grant a new trial is denied.

So ordered.