**Joseph MAIORANI, Plaintiff,**

v.

**KAWASAKI KISEN K.K.: KOBE, Defendant and Third-Party Plaintiff,**

v.

**PITTSTON STEVEDORING CORP., Third-Party Defendant.**

**No. 65 Civ. 3169.**

United States District Court, S. D. New York.

June 4, 1969.

Jacob Rassner, New York City, for plaintiff; George Kilarjian, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant and third-party plaintiff; James R. Campbell, New York City, of counsel.

Foley, Grainger & Darbey, New York City, for third-party defendant; Joseph Grainger, New York City, of counsel.

v. Brass Rail Inc., 20 F.R.D. 224 (S.D. N.Y.1957); National Transformer Corp.

v. France Mfg. Co., 9 F.R.D. 606 (N.D. Ohio 1949).

MEMORANDUM

MacMAHON, District Judge.

Plaintiff moves under Rule 60(b), Fed.R.Civ.P., to vacate and set aside a judgment entered against him for failure to prosecute. Rule 41(b), Fed.R.Civ.P.

This action arises from a superficial injury to plaintiff's right hand which he claims to have suffered on board defendant third-party plaintiff's vessel on March 21, 1963. The action was commenced on October 21, 1965, two years and seven months after the accident. After a delay of another two years, counsel certified that the action was ready for trial[1] and placed it on the trial calendar on August 4, 1967. After still another year's delay, a pretrial order was entered on August 8, 1968, and the action was placed on the ready calendar. The case was assigned to the jury trial pool on January 30, 1969. Commencing on February 5, 1969, it appeared in the New York Law Journal as case number 28 in the pool, below a notice which read as follows:

> "The cases listed below are assigned to a Jury Trial Pool * * * to be tried one to follow the other in the order listed before any judge of the Court. This calendar moves very rapidly. Attorneys are directed to be ready to proceed to trial upon a telephone call from the Deputy Clerk, who will notify attorneys when and where to appear."

When this case had advanced to number 3 in the pool, Jacob Rassner, Esq., plaintiff's counsel, applied on March 21, 1969 for an adjournment because he would be engaged in litigation outside the United States from March 24 to March 31, 1969. Judge Pollack, who was in charge of the jury trial pool in March 1969, granted the application and adjourned the case until April 15, 1969, the date Mr. Rassner requested, presum-

ably because he had no conflicting engagements and would not subsequently become otherwise engaged on that date. When the Deputy Clerk informed Mr. Rassner that the case had been adjourned, the Clerk made it clear that the case would be tried on April 15, 1969 or very shortly thereafter.

The Deputy Clerk telephoned all counsel on April 15, 1969, at 10:00 A.M., and directed them to appear before us for trial at 11:30 A.M. When the case was called at 12:15 P.M., counsel for defendant third-party plaintiff and third-party defendant were present and ready for trial. Plaintiff's counsel, however, did not appear. Instead, an attorney from his office, George G. Kilarjian, Esq., appeared and applied for yet another adjournment, because now Mr. Rassner was taking a deposition in Mobile, Alabama. Mr. Kilarjian then informed us that he was not prepared to try the case. Defendant third-party plaintiff moved to dismiss, and we granted the motion.

Three attorneys submit affidavits on plaintiff's behalf. They contend: (1) that plaintiff was forced to go to trial on one hour's notice; (2) that only Mr. Rassner was able to try the case and (3) that plaintiff has no other redress for the underlying meritorious claim.

■ As to the first contention, that plaintiff was forced to go to trial on one hour's notice, plaintiff argues that the Calendar Rules of this Court provide for twenty-four hours' notice prior to trial. As we have explained on many other occasions,[2] Calendar Rules 6(D) and 7 (b) (1), which mandate that cases be ready to proceed on twenty-four hours' notice, apply only to the movement of a case from the Ready Day Calendar to a judge's trial calendar or to a jury pool. Once a case is placed on a judge's trial calendar or in the pool, counsel are not entitled to twenty-four hours' notice but

1. See Calendar Rule 5.

2. Quagliano v. United States, 293 F.Supp. 670 (S.D.N.Y.1968); Vitarelle v. Long Island R. R., 45 F.R.D. 474 (S.D.N.Y. 1968).

only to such notice as enables them to reach Court in time for trial.[3] The rules of this Court, coupled with the notice published in the Law Journal, put counsel on notice to be prepared to commence trial forthwith upon receiving telephonic notice. The alternative to the courtesy of telephone notice is to require counsel, parties and witnesses to come to the Courthouse and wait there until the case is reached, so that judges and juries will be kept employed moving this Court's congested calendar, instead of sitting around idly waiting for counsel, parties and witnesses.

Counsel's assertion that he received only one hour's notice is simply untrue. Mr. Rassner, himself, more than three weeks before April 15, 1969, requested that the case be adjourned to the head of the jury trial pool for April 15, where, as the notice plainly reads, it could be reached on that date or shortly thereafter. The Deputy Clerk, also, orally informed Mr. Rassner's office that the case would be tried on April 15 or shortly thereafter. These uncontroverted facts make clear that Mr. Rassner had much more than one hour's notice; in fact, he had more than three weeks' notice.

The second contention, that Mr. Rassner was the only attorney able to try this case, is not in accord with the record facts. A review of the file reveals the names of four attorneys, other than Mr. Rassner, who were involved in this case and either purported to have, or evidenced, a working knowledge of the facts of this rather routine case.

The designation of trial counsel, for example, listed "Jacob Rassner or one of his associates." Bernard Shafter, Esq.

appears on a number of papers as the attorney for plaintiff and prepared discovery motions on plaintiff's behalf. These motions were made on the basis of affidavits submitted by yet another attorney, Ernest Rassner, Esq. The affidavits evidence a great deal of familiarity with the facts. Mr. Kilarjian appeared on the day of trial and subsequently filed affidavits in support of the instant motion. Finally, Alfred Shafter, Esq. claims that he is presently plaintiff's attorney. We must, therefore, reject the argument that Mr. Rassner was the only attorney who could try this case.

The third contention, that our dismissal leaves plaintiff without a remedy for the underlying meritorious claim, is also rejected. There are some 12,000 other litigants, civil and criminal, awaiting trial in this Court, some of them sitting in jail, and their right to a speedy trial is being jeopardized, if not denied, by delay occasioned by attorneys "otherwise engaged" or parties eager to postpone indefinitely the day of reckoning.

■ We realize that dismissal is a harsh sanction,[4] but if we seriously intend to effectuate the right to a speedy trial and to realize our goal of current calendars, then we must enforce the rules of this Court.[5]

Plaintiff is not without a remedy. Where "an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." [6]

Accordingly, plaintiff's motion to vacate and set aside the judgment entered against him is denied.

So ordered.

3. Calendar Rule 8(b).

4. Schwarz v. United States, 384 F.2d 833, 836 (2d Cir. 1967).

5. See Davis v. United Fruit Co., 402 F.2d 328 (2d Cir. 1968), *cert. denied*, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969).

6. Link v. Wabash R. R., 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 n. 10 (1962).