**Joseph A. PETNEL, Plaintiff-Appellant,**

v.

**AMERICAN TELEPHONE AND TELE-GRAPH COMPANY and Western Electric Company, Inc., Defendants-Respondents.**

Nos. 119, 120, Dockets 33627, 34944.

United States Court of Appeals,
Second Circuit.

Argued Nov. 9, 1970.

Decided Nov. 11, 1970.

———◆———

Joseph A. Petnel, pro se.

S. Hazard Gillespie, New York City (Davis, Polk & Wardwell, New York

City, Alan J. Mayer, of counsel), for defendants-respondents.

Before SMITH, KAUFMAN and FEINBERG, Circuit Judges.

PER CURIAM:

This is a consolidated appeal from two orders of Chief Judge Sugarman of December 8, 1969 in the United States District Court for the Southern District of New York dismissing the action for want of prosecution. The underlying cause of action is apparently a private antitrust suit seeking, among other things, some $45 million in damages and the divestiture by American Telephone and Telegraph of all its stock in Western Electric and the operating companies of the Bell System. This is the oldest action pending in the Southern District, having been initially filed in 1951. The appellant has had some ten different attorneys representing him in this case over the years, and he now appears *pro se.*

On May 25, 1970 the appellees filed a motion with this court to dismiss these appeals since they had been pending for five months with no action having been taken by appellant. On June 15, 1970 this court denied appellees' motion to dismiss but went on to state:

It is further ordered that the appellant shall file and docket the record and file his brief and appendix to the briefs, on both appeals, on or before July 7, 1970, in default of either of which the Clerk, without notice, shall enter an order dismissing the appeals.

The papers filed by appellant with this court do not correspond in any respect to the requirements of Rules 28 and 30 of the Federal Rules of Appellate Procedure setting forth the required content of appellant's brief and appendix. So far as one can tell, they merely reiterate appellant's claim of patent infringement under the antitrust laws. Furthermore, the appellant has not filed with this court the latter of the two orders of Judge Sugarman on which this appeal is based. Appellees contend that this appeal should

therefore be dismissed for failing to meet the requirement of this court's order of June 15th (*supra*) as to the filing of a proper brief and appendix. There is no question that appellant did completely fail to meet these technical requirements.

However, in view of the fact that appellant is appealing *pro se*, we have decided to overlook the defects and consider the merits of the order of dismissal. We find the order well founded and affirm the dismissal.

Shortly before this action was commenced in 1951 the appellant filed another action against the same defendants in the New York Supreme Court. After an extended trial, judgment was entered on August 29, 1956 in favor of defendants dismissing the complaint on the merits. Appellant filed an appeal in the state court action to the Appellate Division, Third Department. Following the entry of judgment in the state Supreme Court, the parties agreed and Chief Judge Clancy ordered that the action pending in the District Court be marked off the calendar until such time as the appeal of the state court action was completed.

Over the next several years the case came before a number of different judges in the Southern District on application of plaintiff-appellant to restore the case to the calendar. In each case the motion was denied on the grounds that Petnel had failed to conclude his appeal in the state courts. Finally, on April 17, 1969 Judge Sugarman issued the following order:

> The recommendation of the Special Master that Judge Clancy's order of September 27, 1956 be vacated is rejected.
>
> The motion of defendants that this action be dismissed for lack of prosecution is denied.
>
> The clerk will place this case on the adjourned Rule 23 calendar for December 8, 1969. If by that date the state court proceeding has not concluded by withdrawal or other final ac-

tion on the appeal pending since September 14, 1956 in the Appellate Division, Third Department, in Joseph A. Petnel v. American Telephone and Telegraph Company, No. 6901, and a note of issue filed in this case in this court, the plaintiff's complaint in this case will be dismissed for lack of prosecution regardless of whether he is represented by counsel or represents himself. If plaintiff persists in his refusal to end the state court action he must accept the consequences of that decision.

Appellant failed to conclude the action in the state court and Judge Sugarman therefore entered his final order on December 8, 1969 dismissing the action with prejudice. The state court action is, as of this date, still pending.

■ It is clearly well within the powers of the District Court to dismiss a case for want of prosecution and such dismissal will not be disturbed on appeal absent a showing of abuse of discretion. Schwarz v. United States, 384 F.2d 833 (2d Cir. 1967). Given the bizarre history of this case and the amount of time granted to appellant to comply with the order in the District Court, we find no grounds to justify a reversal.

Affirmed.