Larimore S. BROOKS, Plaintiff,

v.

Betty S. WALKER et al., Defendants.

Civ. A. No. 77–868–C.

United States District Court,
D. Massachusetts.

March 27, 1979.

Irving Fishman, Cambridge, Mass., Andrew C. Meyer, Jr., Boston, Mass., for plaintiff.

Walter G. Murphy, Murphy & Mitchell, Boston, Mass., for Melinda Walker.

Lawrence R. Opert, Cambridge, Mass., for Irving Fishman.

## OPINION

CAFFREY, Chief Judge.

This matter came before the Court on plaintiff's motion for relief from judgment. After an evidentiary hearing and for purposes of this motion, I find and rule as follows.

Late on the night of September 25, 1975, plaintiff was struck by an automobile while riding his bicycle home from work on Route 9 in Newton, Massachusetts. Shortly thereafter, he contacted Attorney Irving Fishman to discuss the possibility of suing to recover damages for his injuries. Plaintiff testified that it was only after Mr. Fishman described himself as an experienced trial attorney that he decided to retain Fishman as his counsel. In 1977 this suit was brought against the defendants. June 5, 1978 was set by the Court as the trial date.

On June 2, 1978, three days before the date set for trial, plaintiff agreed to release his claims against the defendants in return for $160,000.00. Plaintiff executed releases and judgment was entered accordingly. Plaintiff now moves for relief from that judgment, maintaining that he was induced to sign the releases by the misrepresentations of his own counsel, Irving Fishman. Plaintiff bases his motion on Fed.R.Civ.P. 60(b)(3) and 60(b)(6).

▪ Fed.R.Civ.P. 60(b)(3) provides that a party may be relieved from judgment in the event of any fraud, misrepresentation or misconduct by an *adverse* party. Plaintiff alleges no such fraud, misrepresentation or misconduct on the part of defendants herein and cannot, therefore, succeed under Rule 60(b)(3).

▪ Fed.R.Civ.P. 60(b)(6) provides for relief from judgment for any reason justifying such relief not otherwise enunciated in the rule. The purpose of Rule 60(b)(6) as interpreted by the Supreme Court is to "enable [courts] to vacate judgments whenever such action is appropriate to accomplish justice." *United States v. Klapprott*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, *modified* 336 U.S. 942, 69 S.Ct. 877, 93 L.Ed. 1105 (1949), but the Supreme Court has admonished that the provision is to be applied only in "exceptional circumstances." *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), and Judge Learned Hand has told us that it was meant to provide for situations of extreme hardship. *United States v. Karahalias*, 205 F.2d 331 (2d Cir. 1953).

Plaintiff contends that the facts, as he alleges them, bring this case within the provisions of Rule 60(b)(6) and that he is entitled to relief from judgment.

It is alleged that a week before trial was to commence plaintiff was informed by Mr. Fishman that a requested continuance of the trial date had been denied by the Court. At that time Mr. Fishman told plaintiff that he was not prepared to go to trial and that if the case proceeded to trial plaintiff would probably lose. Plaintiff further alleges that Fishman told him that a trial would cost $1,000 per day and that it would be necessary to call and pay fees to twenty expert witnesses. Plaintiff testified that at the same time he was advised that it would be necessary to hire special trial counsel, which would result in a contingent fee of 40%, rather than the previously agreed upon 33⅓%.

Evidence was offered to show that Mr. Fishman had negotiated with an experience trial lawyer, but, due to lack of agreement as to fee sharing, he had not actually made an agreement for the other attorney to handle the trial despite the fact that Fishman had not tried a tort case for at least fifteen years. In addition, the record shows that discovery had not been commenced un-

til a month before the trial date. As a result, Mr. Fishman admitted at the hearing on this matter that he still had no idea how much insurance coverage was available.

Plaintiff contends that it was Fishman's failure to ascertain the amount of coverage, together with his failure to properly investigate the nature and extent of his client's injuries, which resulted in the inadequate offer of settlement. Plaintiff maintains that he was forced to accept the $160,000.00 offer as a result of Fishman's failure to prepare for trial and his misrepresentations to plaintiff of the risk and expense involved in proceeding to trial.

He further argues that these revelations and misrepresentations at the eleventh hour induced him to release his rights against the defendants on terms to which he would not have otherwise agreed and which will cause him such hardship as to render 60(b)(6) relief appropriate.

Plaintiff, however, conceded that he consulted several other attorneys before signing the agreement and that two of those attorneys advised him that the settlement was low and that the Court would probably allow a continuance if he retained new counsel. Having received their advice, plaintiff still chose to sign the release.

■ Although some authority exists for the proposition that an attorney's misrepresentations to his client or his gross negligence, of which a diligent client is unaware, may be considered exceptional circumstances which fall within Rule 60(b)(6), *Jackson v. Washington Monthly*, 569 F.2d 119 (D.C. Cir. 1977); *McKinney v. Boyle*, 404 F.2d 632 (9th Cir. 1968), *cert. denied*, 394 U.S. 992, 89 S.Ct. 1481, 22 L.Ed.2d 767 (1969); *L. P. Steuart v. Matthews*, 117 U.S.App.D.C. 279, 329 F.2d 234, *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964); *King v. Mordowanec*, 46 F.R.D. 474 (D.R.I.1969), whether relief from judgment should be granted remains a matter of discretion for the district court. *Ben Sager Chemicals International v. E. Targosz & Co.*, 560 F.2d 805 (7th Cir. 1977); *Schwarz v. United States*, 384 F.2d 833 (2d Cir. 1967). The Court must, therefore, weigh all of the attendant circumstances in making its determination and balance the equities on a case-by-case basis.

In *Link v. Wabash Railroad Co.*, 370 U.S. 626 at 633–34, 82 S.Ct. 1386 at 1390, 8 L.Ed.2d 734 (1962), the Supreme Court ruled:

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955.

Some authorities contend that this Supreme Court ruling is the controlling principle in cases such as the case at bar and refuse to grant relief to clients of fraudulent or grossly negligent attorneys for that reason. *Kostenbauder v. Secretary of HEW*, 71 F.R.D. 449 (M.D.Pa.1976); *L. P. Steuart v. Matthews*, 117 U.S.App.D.C. 279, *supra* at 237 (Miller, J., dissenting); 7 *Moore's Federal Practice* ¶ 60.27[2] at 369 n.47 (2d ed. 1971).

There is also precedent for distinguishing *Link v. Wabash, supra*, because it dealt with a dismissal under Fed.R.Civ.P. 41(b) and not a motion under Rule 60(b)(6). *King v. Mordowanec, supra.*

■ I rule that in *Link v. Wabash, supra*, the Supreme Court sets forth an underlying principle of our system of justice which is but one of many considerations to be weighed by a trial court in determining whether or not the circumstances of a given case are sufficiently exceptional to warrant relief under Rule 60(b)(6). Assuming *arguendo* that plaintiff can prove all of

his allegations, the circumstances he sets forth do not rise to that level.

This Court recognizes that under plaintiff's version of the facts he was put in an awkward and regrettable predicament. His disillusionment with his own attorney and his hesitancy to trust the other lawyers he consulted rendered a difficult decision more difficult. However, a settlement of $160,000.00 for a personal injury case, which, on its facts, was far from an open-and-shut case for the plaintiff's recovery is not exceptional enough to overcome the general principles that judgments are final determinations of the rights of the parties and that clients are bound by the authorized acts of their attorneys.

Plaintiff put the defendants into a position where they were forced to deal with plaintiff's attorney. At no time does plaintiff suggest any misconduct by the defendants or their counsel in this case, and all indications are that they negotiated in good faith. As between plaintiff and defendants, therefore, plaintiff, who freely chose his own counsel, should bear the burden of his attorney's misconduct.

In addition, as a matter of public policy, parties are to be encouraged to settle their cases out of court. A system in which clients are bound by the authorized acts of their attorneys is essential to such negotiations of settlement. The prejudice to this plaintiff must, therefore, be weighed against the potential impact on the defendants and future litigants attempting to participate in such negotiations.

Furthermore, plaintiff is not being denied all relief here. In return for signing the releases, defendants paid $160,000.00. Many of the cases in which the aggrieved party has been allowed relief from a judgment which resulted from attorney misconduct have been cases in which that party, if not given relief from the judgment, would otherwise receive no recovery at all. *Jackson v. Washington Monthly, supra; L. P. Steuart v. Matthews, supra; King v. Mordowanec, supra.* Courts routinely dislike dismissals, *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191 (8th Cir. 1976);

*Hassenflu v. Pyke*, 491 F.2d 1094 (5th Cir. 1974); *Dyotherm Corporation v. Turbo Machine Co.*, 392 F.2d 146 (3d Cir. 1968). In such cases denial of any relief as a result of attorney misconduct would render the arguments for relief from judgment under 60(b)(6) far more compelling than they are in the case at bar. Clearly, the $160,000.00 paid by defendants in this case renders the circumstances set forth by plaintiff less than exceptional within the meaning of Rule 60(b)(6).

In addition, after being advised by two other members of the legal profession that the court would probably grant a continuance should he seek new counsel, plaintiff was well aware of his alternatives. He was a college graduate and, although quite young, he acted with the benefit of parental guidance. He decided that a sure $160,000.00 was better than the uncertainties of trial with either Fishman or another attorney. He was not denied his right to choose, and he chose to sign the releases.

Although plaintiff was placed in a totally unnecessary dilemma by the actions of his attorney, he cannot now be allowed to withdraw from his bargain to the prejudice of the defendants who at all times acted in good faith through the agency of experienced, highly reputable counsel. If, indeed, the amount of settlement is inadequate in the opinion of plaintiff and his present counsel, he may attempt to prove his allegations in a separate action for malpractice against Attorney Fishman, without prejudice to the defendants. *Link v. Wabash Railroad, supra,* 634 n.10, 82 S.Ct. 1386; *Schwarz v. United States*, 384 F.2d 833 (2d Cir. 1967); *Brown v. Bliss*, 72 F.R.D. 198 (D.Md.1976).

Order accordingly.