**In re James Joseph HUFF and Barbara Jo Huff, Debtors.**

**Gerard A. McHALE, as Court-appointed Administrator of Ashley Financial Corporation, Plaintiff,**

v.

**James Joseph HUFF and Barbara Jo Huff, Defendants.**

**Bankruptcy No. 88–05334–BKC–AJC. Adv. Nos. 89–0103–BKC–AJC–A, 89–0211–BKC–AJC–A and 89–0235–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 1, 1990.

Brian K. Goodkind, John R. Hurley, David Bird, trustee.

Allen L. Levine, trustee.

## MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO SET ASIDE SETTLEMENT ORDER

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court on June 26, 1990 on Debtor's Motion to Set Aside Settlement Order.

### PROCEDURAL BACKGROUND

Plaintiff, Gerard A. McHale, as Court-appointed Administrator of Ashley Financial Corporation ("McHale"), filed a proof of claim on April 24, 1989 in the amount of $7,000,000.00. McHale had previously filed an adversary complaint against James Joseph Huff on March 27, 1989 (Case No. 89–0103–BKC–AJC–A) seeking a determination of non-dischargeability of the debt on the basis that the debt arose from the Debtor's illegal and fraudulent sale of securities. McHale also filed an adversary complaint against both James Joseph Huff and Barbara Jo Huff on May 2, 1989 (Case No. 89–0211–BKC–AJC–A) seeking non-dischargeability under Section 727 on the basis of their having failed to disclose the true value of the property listed on the schedules, having made a false oath or account in connection with this case, and having concealed property. Finally, McHale filed a third adversary complaint on May 12, 1989 (89–0235–BKC–AJC–A) against James Joseph Huff and Barbara Jo Huff seeking to set aside a fraudulent transfer of real estate.

By letter dated October 2, 1989, signed by Plaintiff's attorney and countersigned by the Debtors' counsel, the parties settled all three adversary proceedings. Pursuant to the letter agreement, the Debtors agreed to convey certain real property to McHale in exchange for dismissals of the adversary proceedings. Plaintiff thereafter moved for approval of the settlement of the adversary proceedings. Plaintiff served a copy of the motion upon Debtors' counsel on February 5, 1990.

This Court held a hearing on the Motion for Approval of Settlement of Adversary Proceedings on March 14, 1990. Plaintiff's counsel appeared in person and Debtors' counsel appeared via telephone. Debtors' attorney consented to the entry of an order approving the settlement. Plaintiff's counsel prepared a proposed order which he forwarded to Debtors' counsel prior to submitting it to the Court. The Court entered the Order on March 20, 1990.

Notwithstanding this Court's approval of the Settlement Agreement, Debtors refused to convey the property to McHale. On April 2, 1990, Plaintiff filed a Motion to Compel Enforcement of Settlement Agreement. A hearing was held on April 17, 1990, at which time the Debtors sought *ore tenus* to set aside the settlement order on the basis that their attorney had misrepresented that the settlement would also resolve certain criminal matters and that their attorney failed to advise the Court prior to the hearing that they changed their mind and wanted to back out of the settlement.

During the hearing, the Court advised Debtors of the need for finality of judgments and for the system to rely on settlements. The Court granted the Motion to Compel Enforcement by Order dated April

19, 1990, and rejected the Debtors' *ore tenus* motion on procedural grounds. The Court reserved jurisdiction to allow the Debtors to correct the procedural defect but nevertheless viewed the Debtors' motion to be without merit as evidenced by the following statement in the Order: "The Court specifically finds that the settlement agreement is, in all respects, a binding and enforceable agreement against the Debtors in this case."

Debtors thereafter corrected the procedural defect and filed a Motion to Set Aside the Settlement Order pursuant to Rule 60(b), Federal Rules of Civil Procedure, on the same bases asserted *ore tenus.*[1]

### DECISION

There is a deep-rooted policy in federal law of finality of judgments. *Travelers Indemnity Company v. Gore,* 761 F.2d 1549, 1551 (11th Cir.1985). In light of that policy, Rule 60(b) provides an extraordinary remedy which may provide relief only upon a showing of exceptional circumstances. *Tucker v. Commonwealth Land Title Insurance Company,* 800 F.2d 1054, 1056 (11th Cir.1986). Because settlements are favored in federal law and "the prompt resolution of claims and disputes makes the compromise of claims of particular importance in a bankruptcy reorganization", settlement of bankruptcy claims should be liberally construed and a stricter standard is applied to a Rule 60 motion in this context. *In re: Astroglass Boat Co., Inc.,* 32 B.R. 538, 543 n. 8 (Bkrtcy.M.D.Tenn.1983). Debtors have established no exceptional circumstances which would justify setting aside the settlement order.

Debtors' claims that their attorney misrepresented to them that the settlement would encompass criminal matters and that he failed to advise the Court that the Debtors wished to renege on the settlement are not bases for relief under Rule 60(b). Debtors freely chose their counsel and can-not thereafter avoid the consequences of their attorney's acts or omissions. *Link v. Wabash Railroad Company,* 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390–1391, 8 L.Ed.2d 734 (1962). That is a matter between Debtors and their counsel. It was the Debtors who chose their counsel, and thus it is they who should bear the burden of his alleged misconduct. *Brooks v. Walker,* 82 F.R.D. 95 (D.Mass.1979).

Both Plaintiff's counsel and this Court reasonably relied on the actions and representations of Debtors' counsel. For this Court now to set aside the order of March 20 would be a step in the wrong direction towards enabling parties who have settled their claims to discharge their attorneys and then come back to this court to seek to undo their settlements.

For all of the foregoing reasons, Debtor's motion to set aside settlement agreement be and same hereby is DENIED.

DONE and ORDERED.

---

1. At the June 26, 1990 hearing on the present motion, Debtors requested an opportunity to present evidence to this Court. However, the Court requested Debtors' counsel to proffer all evidence he expected to introduce and such was done on the record. This Court specifically finds that an evidentiary hearing is unnecessary as it has, for purposes of this hearing, accepted all proffered evidence and all allegations contained in the Motion to Set Aside Settlement as true.