merely to challenge the nondischargeability of the claim by the Debtor.

Considering the totality of the issues as outlined above, this Court is satisfied that the Debtor's claim that the Government's treble damage claim asserted against them is not within the Section 523(a)(7) exception is rejected and, therefore, the claim as pled in Count I of the Complaint is without merit and shall be dismissed as to Mr. McFarland.

■ This leaves for consideration the claim asserted against Mrs. McFarland who was not charged criminally. This record is devoid of any evidence which would even intimate that she did knowingly present or caused to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval, thus subjecting her to the civil penalty under 31 U.S.C. § 3729(a)(1). For this reason, any claim against Mrs. McFarland has been discharged in Bankruptcy and, therefore, the Government is prohibited to proceed to attempt to enforce the penalties against her based on 31 U.S.C. § 3729(a).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the United States of America (Doc. No. 34) be, and the same is hereby, denied in part and granted in part. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the United States of America as to the claim asserted in Count I of the Complaint by Mr. McFarland be, and the same is hereby, granted and his claim is declared to be within the exception of Section 523(a)(7), thus nondischargeable. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the United States of America as to the claim asserted in Count I of the Complaint by Mrs. McFarland be, and the same is hereby, denied and the claim asserted against her is declared to have been discharged. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the United States of America as to the claim asserted in Count II of the Complaint by Mrs. McFarland be, and the same is hereby, denied. The Government shall have 30 days from the date of this Order to file an Answer to the claim asserted for contempt in Count II. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the United States of America as to the claim asserted in Count III of the Complaint by Mr. McFarland be, and the same is hereby, granted and the claim is hereby dismissed with prejudice.

**In re LYKES BROS. STEAMSHIP CO. INC., Debtor.**

**No. 8:95–BK–10453–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 16, 2009.

Harley E. Riedel, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Debtor.

## ORDER ON (1) MOTION TO COMPEL COMPLIANCE WITH PRIOR ORDER OF THE COURT AND (2) OPPOSITION TO MOTION TO COMPEL AND MOTION FOR RELIEF FROM FINAL ORDER

ALEXANDER L. PASKAY, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Compel Compliance with Prior Order of the Court filed by Joe B. Freeman in his capacity as the Plan Distribution Trustee for Lykes Bros. Steamship Co., Inc. (Doc. 3775), and also to consider the Opposition to Motion to Compel and Motion for Relief from Final Order filed by the United States of America (Doc. 3778).

On March 6, 2007, the Court entered an Order Granting Motion to Approve Distributions of Funds Due for 1996 ODS Payments (the Distribution Order). In the Distribution Order, the Court directed the United States to pay to the Plan Distribution Trustee the sum of $3,885,392.00 within thirty days of the date of the Order. Of the total amount due under the Order, the sum of $1,290,290.00 was attributable to interest accrued as of January 1, 2007. The United States has not paid any portion of the amount attributable to interest.

In his Motion to Compel Compliance, the Plan Distribution Trustee contends that the Distribution Order is a final and nonappealable order, and that the United States should therefore be required to comply with the Distribution Order by paying the interest to the Plan Distribution Trustee in accordance with its terms.

In response, the United States contends that the interest component of the Distribution Order is inappropriate because awards of interest against the United States are not authorized absent a waiver of sovereign immunity, and the United States did not waive its sovereign immunity in this case. Consequently, the United States contends that the interest portion of the Distribution Order is void, and that the United States should be relieved of its obligation to pay the interest pursuant to Rule 60(b)(4) and (b)(5) of the Federal Rules of Civil Procedure.

### Background

The Debtor, Lykes Bros. Steamship Co., Inc., filed a petition under Chapter 11 of the Bankruptcy Code on October 11, 1995.

On March 12, 1997, the Debtor filed its First Amended Plan of Reorganization. (Doc. 2473). At the time that the First Amended Plan was filed, the United States Maritime Administration (MarAd) owed the Debtor money for contractual Operat-

ing Differential Subsidy (ODS) payments due for 1996.

On April 15, 1997, the Court entered an Order (A) Confirming Debtor's First Amended Plan of Reorganization, as Modified, Pursuant to 11 U.S.C. § 1129 and (B) Approving Transfer of Certain of Debtor's Assets to, and Assumption of Certain Obligations by, Lykes Lines Limited. (Doc. 2804). The Confirmation Order provided, among other terms, that all setoff rights not specifically recognized were prohibited and deemed extinguished.

On July 16, 1997, the Debtor filed an Amended and Restated Third Modification to Debtor's First Amended Plan of Reorganization Pursuant to 11 U.S.C. § 1127(b). (Doc. 3074).

On July 17, 1997, the Court entered an Amended Order (A) Confirming Debtor's First Amended Plan of Reorganization, as Modified, Pursuant to 11 U.S.C. § 1129 and (B) Approving Transfer of Certain of Debtor's Assets to, and Assumption of Certain Obligations by, Lykes Lines Limited, LLC. (Doc. 3079). The Amended Confirmation Order did not alter or modify the provisions of the original Confirmation Order prohibiting all setoff rights that were not specifically recognized.

On July 14, 1997, shortly prior to the filing of the Third Modification to the Plan, the United States filed a Motion to Exercise Administrative Offset. (Doc. 3072). In the Motion, the United States asserted that it intended to set off the amounts due to the Debtor as ODS payments against certain amounts owed by the Debtor to the Commodity Credit Corporation.

On July 23, 1997, the Debtor filed an Objection to the United States' Motion to Exercise Administrative Offset, and a Cross–Motion to Enforce the Provisions of the Confirmation Order. (Doc. 3096).

On November 10, 1997, the Court entered an Order denying the United States' Motion to Exercise Administrative Offset and granting the Debtor's Cross–Motion to Enforce the Provisions of the Confirmation Order (the Setoff Order). (Doc. 3158). In the Setoff Order, the Court determined that the Order of Confirmation barred the United States' setoff claim, that the United States waived its right of setoff, and that setoff was inequitable under the circumstances.

On November 20, 1997, the United States appealed the Setoff Order. (Doc. 3165). In October of 2005, the United States District Court entered an order affirming the Bankruptcy Court's decision. The United States then appealed the decision to the Eleventh Circuit Court of Appeals. The appeal to the Eleventh Circuit was dismissed on February 23, 2006, pursuant to a motion to dismiss filed by the United States.

On February 14, 2007, approximately one year after the dismissal of the appeal, the Plan Distribution Trustee filed a Motion to Approve Distributions of Funds Due for 1996 ODS Payments. (Doc. 3764). In the Motion, the Plan Distribution Trustee requested the entry of an order directing the United States to pay the ODS amounts due under the Setoff Order, and authorizing the Plan Distribution Trustee to distribute the amount received as ODS payments in accordance with the Debtor's confirmed Plan.

On March 6, 2007, the Court entered an Order Granting Motion to Approve Distributions of Funds Due for 1996 ODS Payments (the Distribution Order). (Doc. 3768). In the Distribution Order, the Court directed the United States to pay the sum of $3,885,392.00 to the Plan Distribution Trustee within thirty days of the Order. The Distribution Order further provided:

In addition, counsel for Freeman stated that he was accepting the rates utilized by MARAD to arrive at the final subsidy payment of $2,823,983 and indicated that he would sign appropriate documents reflecting that agreement. The adjustment of the subsidy payment has an impact on the total amount sought by Freeman as set forth on the motion and will reduce the per diem interest to $386.78 and the total interest component to $1,290,290. The total amount due, after this adjustment, is $3,885,392, comprised of the subsidy payment of $2,823,983, minus the setoffs of $195,056.50 for the IRS Claim and $51,202.62 for the Customs Claim, plus interest of $1,290,290.

(Doc. 3768, pp. 1–2). Finally, the Distribution Order provided that its terms "shall be effective and enforceable immediately upon its entry to the fullest extent permissible under applicable law and procedure."

The United States paid the principal amount of the subsidy to the Plan Distribution Trustee following the entry of the Distribution Order, but did not pay the amount of the interest due under the Distribution Order.

On September 29, 2008, the Plan Distribution Trustee filed the Motion to Compel Compliance with Prior Order of the Court that is currently under consideration. (Doc. 3775). In the Motion, the Plan Distribution Trustee contends that the Distribution Order is a final and non-appealable order, and that the United States should be compelled to comply with the Distribution Order by paying the interest due to the Plan Distribution Trustee in accordance with its terms.

On October 24, 2008, the United States filed its Opposition to Motion to Compel and Motion for Relief from Final Order. (Doc. 3778). Generally, the United States contends that the interest component contained in the Distribution Order is inappropriate because awards of interest against the United States are not authorized absent a waiver of sovereign immunity, and the United States did not waive its sovereign immunity in this case. Consequently, the United States contends that the interest portion of the Distribution Order is void, and that the United States should therefore be relieved of its obligation to pay the interest pursuant to Rule 60(b)(4) and (b)(5) of the Federal Rules of Civil Procedure.

## Discussion

In the Distribution Order, the Court directed the United States to pay the sum of $3,885,392.00 to the Plan Distribution Trustee within thirty days of the date of the Distribution Order. The total amount due under the Distribution Order included the sum of $1,290,290.00 attributable to interest. The issue in this case is whether the United States should be relieved of its obligation to pay the interest portion of the Distribution Order to the Plan Distribution Trustee pursuant to Rule 60(b)(4) and (b)(5) of the Federal Rules of Civil Procedure.

Rule 60 of the Federal Rules of Civil Procedure, as made applicable to this case by Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides in part:

**Rule 60. Relief from a Judgment or Order**

. . .

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(4) the judgment is void;

· (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

. . .

**(c) Timing and Effect of the Motion.**

**(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order of the date of the proceeding.

F.R.Civ.P. 60(b), (c). Rule 60(b) reflects a deeply-rooted policy in federal law favoring the finality of judgments and orders, and therefore provides an extraordinary remedy that is available only upon a showing of exceptional circumstances. *In re Huff,* 118 B.R. 146, 148 (Bankr.S.D.Fla. 1990). Final judgments should not be "lightly reopened." *In re CIS Corporation,* 2007 WL 1592968, at *4 (Bankr.S.D.N.Y.)(citing *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986)). Further, a motion under Rule 60(b) should not be used as a substitute for a timely appeal. *In re Midland Mechanical Contractors, Inc.,* 194 B.R. 690, 693–94 (Bankr.N.D.Ga. 1996).

In this case, the United States' Motion for relief from the Distribution Order should be denied for at least two reasons. First, the Court finds that the United States did not request relief from the Distribution Order "within a reasonable time," as required by Rule 60(c). Second, even if the request had been timely made, the Court finds that the Distribution Order is not "void" within the meaning of Rule 60(b)(4) of the Federal Rules of Civil Procedure.

**A. The Motion for relief was not filed within a reasonable time.**

Pursuant to Rule 60(c)(1), motions seeking relief from a final order under Rule 60(b)(4) or 60(b)(5) must be made within a "reasonable time."

■ Generally, "[w]hat qualifies as a 'reasonable time' depends on the facts of a given case, including the length and circumstances of the delay, intervening rights, the possibility of prejudice to the opposing party and the desirability that judgments be final." *In re Teligent,* 306 B.R. 752, 758 (Bankr.S.D.N.Y.2004). Factors to be considered when evaluating whether a motion was filed within a reasonable time under Rule 60 include "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Sprint Spectrum, L.P. v. Genesis PCS Corp.,* 236 F.R.D. 530, 532 (D.Kan.2006).

■ In this case, the Plan Distribution Trustee served the Motion requesting entry of the Distribution Order on the United States. (Doc. 3764). The United States was aware of the significance of the Motion because it involved ODS payments that exceeded the sum of $2.8 million, which had been the subject of a dispute between the United States and the Debtor for more than ten years. In fact, the Court had ruled against the United States in the Setoff Order in 1997, and the United States had appealed the Setoff Order to the United States District Court and then to the Eleventh Circuit Court of Appeals.

In any event, a hearing to consider the Plan Distribution Trustee's Motion was conducted on March 1, 2007, and the United States, through counsel, attended and participated in the hearing. The Plan Distribution Trustee contends that he circulated a proposed order on his Motion to

the United States before the March 1 hearing, that he received comments from the United States regarding the proposed order, and that he incorporated the United States' comments into the final form of order that was submitted to the Court for entry. (Doc. 3784, p. 9).

The Distribution Order was signed, entered on the docket on March 6, 2007, and served on the United States. (Docs. 3768, 3769). The United States did not file a motion for reconsideration or a notice of appeal of the Distribution Order. In fact, both parties appear to agree that the United States partially complied with the Distribution Order by paying the principal amount of the subsidies. (Doc. 3775, p. 6; Doc. 3778, p. 3).

The United States filed its Motion for relief from the Distribution Order on October 24, 2008, more than nineteen months after its entry. (Doc. 3778). Further, the request for relief under Rule 60(b) was filed only after the Plan Distribution Trustee had filed his Motion to Compel Compliance with the Distribution Order. (Doc. 3775).

Although the United States asserts that it previously informed the Plan Distribution Trustee's counsel that sovereign immunity had not been waived in this case (Doc. 3778, p. 2), the United States does not adequately explain its delay in filing its motion for relief from the Distribution Order. The only explanation for the delay offered by the United States is that it mistakenly believed when the Distribution Order was entered that the underlying ODS contracts provided for interest. (December 2, 2008, Transcript, pp. 47–48). Motions for relief based on mistake, inadvertence, surprise, or excusable neglect, of course, must be filed no more than one year after entry of the order. F.R.Civ.P. 60(b)(1), (c)(1).

Under these circumstances, the Court finds that the United States did not file its motion for relief under Rule 60(b) within a reasonable time. The United States was aware of the Distribution Order's entry, content, and significance, but did not file a motion for rehearing or otherwise appeal the order within the time prescribed by the Federal Rules of Bankruptcy Procedure. *In re LWD, Inc.,* 2007 WL 1035149, at *5–6 (W.D.Ky.). Instead, the United States waited for more than nineteen months to seek relief from the Distribution Order, and then made its request only in response to a Motion to Compel filed by the Plan Distribution Trustee. The United States' delay has not been adequately explained. *In re Jacobs,* 2008 WL 4369273, at *2 (Bankr.D.Kan.). Further, it is likely that third parties may have been prejudiced by the delay, because the Distribution Order provides for distribution of the ODS payments to other entities pursuant to the confirmed Plan of Reorganization.

For the reasons stated above, therefore, and in the interest of the finality of this Court's orders, the United States' Motion for Relief should be denied as untimely under Rule 60(c)(1) of the Federal Rules of Civil Procedure.

**B. The Distribution Order is not void.**

Even if the United States' request for relief from the Distribution Order had been timely filed, the Motion should be denied because the United States did not show that the Distribution Order is void within the meaning of Rule 60(b)(4) of the Federal Rules of Civil Procedure.

■ Generally, a judgment is void for purposes of Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or the parties, or if it acted in a manner inconsistent with due process of

law." *Burke v. Smith,* 252 F.3d 1260, 1263 (11th Cir.2001)(quoting *In re Edwards,* 962 F.2d 641, 644 (7th Cir.1992)). A judgment may be void within the meaning of Rule 60(b)(4), for example, if the moving party had never been served with a copy of the summons and complaint. *In re Brackett,* 243 B.R. 910, 913–14 (Bankr.N.D.Ga.2000). The concept of a "void" judgment under Rule 60(b) should be narrowly construed to comport with the interest of the finality of orders. *Oakes v. Horizon Financial S.A.,* 259 F.3d 1315, 1319 (11th Cir.2001)(citing · *United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 661–62 (1st Cir.1990)).

■ In this case, the United States asserts that the interest portion of the Distribution Order is void "because the United States has not waived its sovereign immunity for the award of interest against it." (Doc. 3778, p. 1). Specifically, the United States relies on the decision of the Eleventh Circuit Court of Appeals in *Arvin v. United States,* 742 F.2d 1301, 1302 (11th Cir.1984) for the proposition that "interest cannot run on a claim against the United States in the absence of a specific contractual or statutory provision, or express consent of Congress."

Section 106 of the Bankruptcy Code provides in part:

**11 USC § 106. Waiver of sovereign immunity**

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections ... 362, ... 542, ... 553 ... of this title.

(2) The court may hear and determine *any issue* arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages....

11 U.S.C. § 106(a) (Emphasis supplied). Sections 362, 542, and 553 of the Bankruptcy Code, as referred to in § 106(a)(1), relate to the automatic stay, turnover of property to the estate, and setoff, respectively. By its terms, therefore, it appears that § 106(a) abrogates sovereign immunity with respect to "any issue" involving turnover of property to the estate and setoff of debts between a debtor and a creditor. Such a result is consistent with Congress' intent to abrogate sovereign immunity from bankruptcy causes of action as to both monetary and non-monetary judgments, except punitive damages. *In re Integrated Health Services, Inc.,* 303 B.R. 577, 582 (Bankr.D.Del.2003)(quoting *In re Anton Motors, Inc.,* 177 B.R. 58, 63 (Bankr.D.Md.1995)).

In this case, it is undisputed that the United States owed money to the Debtor for payments due for 1996 under ODS contracts between the Debtor and MarAd. In 1997, the United States filed a Motion to Exercise Administrative Offset in this Court. (Doc. 3072). In the course of prosecuting its Motion to Exercise Administrative Offset, the United States admitted that the sum of $2,832,711.00 was due and owing to the Debtor. *In re Lykes Bros. Steamship Co., Inc.,* 217 B.R. 304, 306–07 (Bankr.M.D.Fla.1997).

The Court denied the United States' Motion to Exercise Administrative Offset on November 10, 1997 (the Setoff Order). (Doc. 3158). The United States appealed the Setoff Order to the United States District Court and then to the Eleventh Circuit Court of Appeals. After all appeals

had been resolved in favor of the Debtor, the Plan Distribution Trustee filed a motion for an order directing the United States to pay the ODS amount due pursuant to the Setoff Order. In the Distribution Order presently at issue, therefore, the Court directed the United States to turn over the ODS payments, plus the time value of the money, to the Plan Distribution Trustee.

Under these circumstances, the Court finds that the sovereign immunity of the United States was waived pursuant to § 106(a) of the Bankruptcy Code and the United States' own submissions. Section 106(a) contains an express, statutory waiver of sovereign immunity for "any issue" arising with respect to § 362, § 542 (turnover), and § 553(setoff) of the Bankruptcy Code. The United States asked this Court to resolve the issue of the amount of the ODS payments due to the Debtor.

The entry of the Setoff Order and the Distribution Order were within the scope of this Court's jurisdiction under § 362, § 542, and § 553. Such jurisdiction is provided to the Court under § 1334(b) of title 28, which generally provides that Bankruptcy Courts have original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b).

The Court expressly recognized its jurisdiction to consider this matter under § 1334(b) in the first decretal paragraph of the Distribution Order, and further determined that the matter was a core proceeding within the meaning of 28 U.S.C. § 157. (Doc. 3768).

The Court did not lack jurisdiction to enter the Distribution Order, and the Distribution Order is not void within the meaning of Rule 60(b)(4) of the Federal Rules of Civil Procedure.

## Conclusion

The Motion for Relief from Final Order filed by the United States should be denied. The Motion was not filed within a reasonable time within the meaning of Rule 60(c)(1) of the Federal Rules of Civil Procedure, and the interest portion of the Distribution Order is not void within the meaning of Rule 60(b)(4) of the Federal Rules of Civil Procedure. Consequently, the Motion to Compel Compliance with Prior Order of the Court, filed by the Plan Distribution Trustee, should be granted.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Compel Compliance with Prior Order of the Court, filed by Joe B. Freeman in his capacity as the Plan Distribution Trustee for Lykes Bros. Steamship Co., Inc., is granted.

2. The United States of America is directed to comply with the Order Granting Motion to Approve Distributions of Funds Due for 1996 ODS Payments that was entered on March 6, 2007.

3. The Motion for Relief from Final Order filed by the United States of America is denied.