**Roy T. BROWN, to his own use and to the use of Liberty Mutual Insurance Company, Plaintiffs,**

v.

**E. W. BLISS COMPANY and Gulf & Western Industries, Inc., Defendants.**

Civ. No. H–75–1411.

United States District Court,
D. Maryland.

Nov. 3, 1976.

Stanley B. Rohd, Baltimore, Md., for plaintiffs.

James E. Gray and Semmes, Bowen & Semmes, Baltimore, Md., for defendants.

### MEMORANDUM DECISION

ALEXANDER HARVEY, II, District Judge:

Ruling that the plaintiffs had not stated a cause of action under Maryland law in their amended complaint, this Court on April 19, 1976 granted the defendants' motion to dismiss the amended complaint. Leave was granted to plaintiffs to file a second amended complaint within ten days. Counsel was further advised by letter from the Court that a status conference was be-

ing scheduled in the case for Tuesday, May 25, 1976, at 9:15 A.M., in Chambers. This letter was received by plaintiffs' attorney.

Plaintiffs did not file a second amended complaint within the ten-day period. Such a complaint was eventually filed on May 20, 1976, more than thirty days after this Court's Order of April 19, 1976. No extension of time had been sought by plaintiffs' attorney. Furthermore, counsel for plaintiffs did not appear at the status conference on Tuesday, May 25, 1976, at 9:15 A.M., although counsel for the defendants did appear and was ready to participate in the conference at the scheduled time. By Order dated May 25, 1976, this action was dismissed for lack of prosecution, with costs.

Following the dismissal, plaintiffs engaged a new attorney, Mr. Stanley B. Rohd, who entered his appearance on June 11, 1976 and who filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from this Court's Order of dismissal. In support of such motion, the plaintiffs have cited a number of decisions of the Fourth Circuit and of other Circuits finding that under the particular facts of those cases, dismissals should not have been ordered or default judgments should not have been entered. Defendants have opposed the pending motion, and argument has been heard in open court.

After a review of the applicable authorities and after hearing argument, I have concluded that the pending motion should be denied. The particular facts of this case indicate that dismissal of the action was the appropriate remedy.

The plaintiffs have argued that a client should not be held responsible for the behavior of his attorney, and that where a party is not responsible for the fault of his attorney, dismissal should be invoked only in extreme circumstances. *See Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir. 1974). But other authorities, including a decision of the Supreme Court and another decision of the Fourth Circuit, indicate that a trial court should adopt no such solicitous attitude for the client of a defaulting attorney.

Affirming the District Court's dismissal for lack of prosecution, the Supreme Court said the following in *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962):

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . .

In *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573 (4th Cir. 1973), the Court relied upon the *Link* case in denying a motion seeking to vacate a summary judgment. Rejecting attempts by appellant's counsel "to evoke sympathy for his client," Judge Sobeloff observed in his opinion that "unfortunately for [appellant], under our adversarial system of justice, the client must pay, at least initially, the penalty of his counsel's neglect." 479 F.2d at 576.

In this case, there were two separate defaults on the part of the plaintiffs' attorney. Plaintiffs had already filed an original complaint and an amended complaint. In view of the Maryland law which recognizes that a defendant may not be held responsible under a theory of negligence if an alleged defect is a patent rather than a latent one, *Myers v. Montgomery Ward & Co.,* 253 Md. 282, 252 A.2d 855 (1969), it was not at all clear from the facts set forth in the original complaint and the amended complaint whether the plaintiffs would be able to state a cause of action in a second amended complaint. Nevertheless, this Court, in granting the motion to dismiss the amended complaint, gave plaintiffs' counsel the opportunity to file a second amended complaint, provided that it was filed within ten days. No such pleading was filed within the time required. Accordingly, on April 30, 1976 or on any date thereafter, this

Court would have been empowered to enter an Order dismissing the case in its entirety.

Finally, on May 20, 1976, the plaintiffs eventually did file a second amended complaint. In reviewing the file in preparation for the status conference scheduled for May 25, this Court noted that plaintiffs had not complied with the Court's Order, and this Court prepared to discuss with counsel present whether there was an adequate reason for the default. However, no one appeared for the plaintiffs at the scheduled status conference. Accordingly, as a result of this second default on the part of plaintiffs' attorney, an Order was prepared and filed on May 25, 1976, dismissing the suit for lack of prosecution. In the exercise of its discretion, this Court concluded that it would be unfair to the defendants to overlook two separate defaults on the part of plaintiffs' counsel.

 Plaintiffs have suggested in their memorandum that they will be left without a remedy because the Statute of Limitations has run. Such is not the case. Under the facts here, plaintiffs have a cause of action against their attorney for malpractice. All that plaintiffs need do for a full recovery is to sue their attorney, prove that they had a proper claim and are entitled to damages, and further allege and show that their failure to recover on their claim was due to the negligence of their attorney.

The time has come for lawyers to be responsible for their mistakes and their lack of attention to their professional responsibilities. Doctors are held responsible for their mistakes in malpractice suits. Engineers and architects are regularly sued for errors which cost their clients money. Yet few are the attorney malpractice suits which are brought. And few will be brought if trial judges look the other way in the face of clear incompetence and regularly give attorneys another chance where they have disregarded schedules reasonably set for the disposition of litigation; and few will be brought if appellate judges in every case find that there has been an abuse of discretion by a trial judge who dismisses a suit when the attorney has transgressed, such as here.

Much has been said and written recently about the incompetence of attorneys practicing before the federal courts today. See the *Clare Committee Report to the Second Circuit,* 67 F.R.D. 161. Bar associations do not have the financial or other resources to correct malpractice of the type we have here. See *Discipline Within the Legal Profession: Is It Self-Regulation?,* 1974 Ill.L. Forum 193. The assessment of fines and costs have had little impact. I would conclude that in a case such as this one in which a client has sustained a loss directly attributable to his attorney's inattention, a malpractice suit should be filed. If attorneys are reminded that they will be held responsible for omissions such as those which occurred here, cases might be handled more competently and attentively than is occurring today. Too many opposing lawyers do not even object, taking a "you-scratch-my-back,-I'll-scratch-yours" approach to a default such as this one. And too many courts would seem to cover up for the errors and omissions of attorneys, perhaps because the judge was once an attorney himself. In this particular case, counsel for the defendants is objecting, and he has every right to do so. The time has come to stop being solicitous of an attorney like plaintiffs' counsel here, particularly where plaintiffs will sustain no loss if they in fact can prove in a malpractice case that they had a proper claim. Public confidence in the administration of justice requires no less.

I would note that none of the cases cited by the plaintiffs discuss the alternative of a malpractice suit against the transgressing attorney. On the other hand, *Universal Film Exchanges, Inc. v. Lust, supra,* specifically mentions such a remedy. In his Opinion in that case, Judge Sobeloff said the following (479 F.2d at 577):

Our decision does not leave a client without remedy against the negligent attorney. Lawyers are not a breed apart. Where damages are inflicted upon innocent clients by other professionals, such

as doctors or dentists, the remedy is a suit for malpractice. The same is true where damage is inflicted upon a client through an attorney's professional negligence. Indeed, the Supreme Court explicitly pointed out in *Link, supra*, 370 U.S. 626, 82 S.Ct. 1386 at n.10, [8 L.Ed.2d 734] that if an attorney's conduct was substantially below what was reasonable under the circumstances, the client's remedy was a suit for malpractice. *See also Schwarz v. United States*, 384 F.2d 833 (2d Cir. 1967).

For these reasons, this Court concludes that dismissal was proper under Rule 41(b) of the Federal Rules of Civil Procedure. That Rule, incidentally, permits dismissal not only for failure to prosecute but also for failure to comply with an Order of this Court. Plaintiffs failed on two separate occasions and the pending motion is denied.