UNITED STATES of America, Plaintiff,

v.

MYSTIC FUEL, INC., Defendant and Third-Party Plaintiff,

v.

Richard E. SCHATTMAN, Third-Party Defendant.

Civ. No. H–84–3854.

United States District Court, D. Maryland.

Oct. 10, 1985.

Peter D. Ward, Asst. U.S. Atty., Baltimore, Md., and J. Christopher Kohn, Director, Commercial Litigation Branch, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Michael Gordon, Baltimore, Md., Richard M. Passalacqua, Boston, Mass., for third-party defendant and third-party plaintiff.

MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, District Judge.

Plaintiff, United States of America, has brought this civil action to enforce certain final decisions of the contracting officer who administered its contract with defend-

ant, Mystic Fuel, Inc. (hereinafter "Mystic"). Pursuant to a disputes clause in the contract between the parties, the contracting officer assessed damages against defendant Mystic in the amount of $139,-852.81 plus interest, because of defects in defendant's performance of the contract.

Presently before the Court is plaintiff's motion for summary judgment. Defendant has opposed plaintiff's motion, and has in turn filed a motion asking this Court to either remand these proceedings to the Armed Services Board of Contract Appeals (hereinafter the "ASBCA"), or to stay these proceedings so that it may apply to the ASBCA to vacate its previous dismissal of defendant's administrative appeal. Memoranda, affidavits and exhibits in support of and in opposition to these motions have been filed by the parties and carefully reviewed by the Court. No hearing is necessary. *See* Local Rule 6. For the reasons to be stated herein, this Court concludes that defendant's motion for a stay or a remand of these proceedings must be denied and that plaintiff's motion for summary judgment must be granted.

I

*The Facts*

The material facts are not in dispute. On July 19, 1978, defendant Mystic entered into Contract Number DLA600–78–D–2497 (hereinafter the "Contract") with the United States through a government agency, the Defense Fuel Supply Center ("DFSC"). Under the terms of the Contract, Mystic was to supply and deliver No. 2 fuel oil and other items to several locations including Fort Belvoir, Fort Myer, Fort Ritchie, Fort Monroe, Fort Lee, Andrews Air Force Base, and Aberdeen Proving Ground. The ordering period was from August 1, 1978 through July 31, 1979. Section L, Clause 12 of the Contract, designated the "Disputes" clause, provides as follows:

(a) Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Offi-

cer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. The decision of the Contracting Officer shall be final and conclusive unless, within 30 days from the date of receipt of such copy, the Contractor mails or otherwise furnishes to the Contracting Officer a written appeal addressed to the Secretary. The decision of the Secretary or his duly authorized representative for the determination of such appeals shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision.

(b) This "Disputes" clause does not preclude consideration of law questions in connection with decisions provided for in paragraph (a) above: *Provided,* That nothing in this contract shall be construed as making final the decision of any administrative official, representative, or board on a question of law.

After the parties had entered into the Contract, and defendant had undertaken to perform thereunder, the government claimed that the defendant had failed to properly perform its obligations. The government sent cure notices to Mystic, but according to the government, the defendant failed to cure the defects in its performance. The United States accordingly terminated several items in the Contract for default and assessed damages with respect to other Contract items. In connection with these default terminations and damages assessments, the contracting officer issued seven final decisions pursuant to the "Disputes" clause. He assessed

reprocurement, repurchase, and oil spill costs against Mystic totaling $229,732.15. The United States offset against this sum $89,879.34 in monies otherwise owed by it to Mystic, thus reducing the principal amount owed by Mystic to $139,852.81. Interest has continued to accrue on this amount at varying rates, as set forth in each of the contracting officer's decisions.

On or about September 25, 1979, Edward A. Cincotta, Treasurer of Mystic, retained an attorney who was reportedly experienced in ABSCA proceedings to represent the company with regard to the Contract with DFSC. On September 10, 1981, Mystic's attorney filed a consolidated appeal of all of the contracting officer's decisions with the ABSCA. Defendant, through its officers, maintained contact with its attorney in an attempt to ensure that its interests were being protected before the ABSCA. Mr. Cincotta furnished and reviewed documents, attended depositions, and answered interrogatories forwarded to him by the company's attorney. The attorney repeatedly told Cincotta that the appeal was proceeding normally, and even reported to him more than once that settlement was imminent.

It is apparent from the record, however, that Mystic's attorney did little work on the appeal after it had been filed. On January 3, 1983, the ABSCA dismissed the appeal for failure to prosecute. Cincotta did not learn of the dismissal until July 5, 1984, when he received a copy of the decision from Mystic's attorney without a cover letter or explanation. When Cincotta telephoned the attorney, the attorney told him that the appeal had been lost "after a hearing before the ABSCA."

## II

### Discussion

■ A motion for summary judgment filed pursuant to Rule 56, F.R.Civ.P. should be granted "forthwith" if the pleadings, discovery and affidavits filed in the case show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law. *See* Rule 56(c). One of the purposes of Rule 56 is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and supported, to come forward with some minimal facts to show that a defendant may be liable under the claims alleged. *See* Rule 56(e). In the absence of such a minimal showing, a defendant should not be required to undergo the considerable expense of preparing for and participating in the trial of those issues addressed in a motion for summary judgment. If there is no genuine dispute as to any material fact, summary judgment should be granted to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speedy and efficient summary disposition. *Bland v. Norfolk and Southern Railroad Company,* 406 F.2d 863, 866 (4th Cir.1969).

The "Disputes" clause contained in the Contract between Mystic and the government is clearly in accord with statutory law relating to such contracts. The Wunderlich Act, 41 U.S.C. § 321, provides that no contract provision relating to the finality of a decision of a government representative shall be pleaded as limiting judicial review where fraud is alleged, *"Provided, however,* That any such decision shall be final and conclusive unless the same is fra[u]dulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."

■ Applicable case law indicates that, because defendant Mystic failed to prosecute its appeal before the ABSCA, it is foreclosed from defending on the merits the government's enforcement action. In *United States v. Holpuch,* 328 U.S. 234, 66 S.Ct. 1000, 90 L.Ed. 1192 (1946), the Court considered the question whether a contractor's failure to exhaust the administrative appeal provisions of a government construction contract barred him from bringing suit in the Court of Claims to recover damages. In *Holpuch,* the contracting officer had issued a decision adverse to the contractor pursuant to a disputes clause

similar to the one involved here. Instead of filing an administrative appeal as specified in the clause, the contractor filed an action in the Court of Claims to recover damages. The Supreme Court held that when the contractor chose without due cause to ignore provisions of the disputes clause, he destroyed his right to sue for damages in the Court of Claims. The Court stated that the disputes clause "is something more than a dead letter to be revived only at the convenience or discretion of the contractor. It is a clear, unambiguous provision applicable at all times and binding on all parties to the contract." *Id.* at 239, 66 S.Ct. at 1003. The Court of Claims was "obliged to outlaw [the contractor's] claims, whatever may be their equity. To do otherwise is to rewrite the contract." *Id.* at 240, 66 S.Ct. at 1003.

Although *Holpuch* involved a contractor in an offensive posture rather than in a defensive posture as in this case, Judge (now Justice) Blackmun in *United States v. Ulvedal,* 372 F.2d 31 (8th Cir.1967) stated that the rationale of cases such as *Holpuch* "seems equally applicable when the contractor is sued as when he is the one who sues." *Id.* at 34. *Ulvedal* involved a government construction contract in which the contracting officer, pursuant to the disputes clause, assessed liquidated damages against the contractor. When the contractor took no administrative appeal and also failed to pay the damages assessed, the government sued in federal court. The Eighth Circuit held that by failing to avail itself of the administrative appeal process, the defendant had abandoned his opportunity to make his record before the agency head and to establish there, if he could, that the decision was one which qualified for judicial waiver. *Id.* at 34.

Applying the principles of those cases here, it is apparent that defendant Mystic, in failing to prosecute its appeal before the ABSCA, has given up its right to have its case reviewed on the merits by this Court. Under the "Disputes" clause contained in the Contract, Mystic agreed to an exclusive procedure by which, in the event of a dispute, the parties would present the issue to the contracting officer. The government followed this procedure and obtained seven final judgments in its favor. Mystic properly appealed those decisions to the ABSCA, but its appeal was dismissed some 15 months later for failure to prosecute. The appeal procedure has accordingly been concluded. Since Mystic failed to create an administrative record which could serve as a basis for review by this Court, it has given up its right to defend this action here.[1]

■ Indeed, in its brief in opposition to plaintiff's motion for summary judgment, defendant has offered no rebuttal on the merits to the government's motion. Rather, Mystic claims that it lost its right to present the merits of its objections to the contracting officer's determination entirely through the default of its former counsel, despite its own diligence.[2] Accordingly, Mystic has moved this Court to either remand these proceedings to the ABSCA, or alternatively to stay these proceedings so that Mystic may apply to the ABSCA to vacate the dismissal.[3] Mystic argues that where parties to other cases have suffered similar abuse at the hands of their counsel, some courts have granted relief from judgment pursuant to the equitable provisions of Rules 55(c) and 60(b), F.R.Civ.P.

The Supreme Court faced a similar dismissal of a petitioner's claim because of his attorney's default in *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In that case, the Court stated:

There is certainly no merit to the contention that dismissal of petitioner's claim

---

**1.** The Contract Disputes Act, 41 U.S.C. § 601 *et seq.,* is not applicable here.

**2.** A third party complaint alleging negligence on the part of its attorney has been filed by Mystic in this action.

**3.** Although this action was filed almost one year ago, it does not appear that Mystic has as yet applied to the ABSCA to vacate this dismissal.

because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer,* 11 Otto 320, 326, 101 U.S. 320, 326, 25 L.Ed. 955.

*Link, supra* at 633–34, 82 S.Ct. at 1390–91. The court reasoned that "keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the *defendant.*" *Id.* at 634, n. 10, 82 S.Ct. at 1390, n. 10.

In *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573 (4th Cir.1973), the Fourth Circuit relied upon the *Link* case in denying a Rule 60(b)(1) motion to vacate a summary judgment. Furthermore, this Court relied on both *Link* and *Universal Film Exchanges, Inc.* to deny Rule 60(b) relief from dismissal in *Brown v. E.W. Bliss Co.,* 72 F.R.D. 198 (D.Md.1976). In light of these authorities, this Court cannot accept defendant's argument that it should be relieved from the ABSCA's dismissal of its appeal because of the deficient representation of its former attorney. Defendant is bound by its attorney's acts. Furthermore, a stay or a remand would severely prejudice plaintiff's interests. The relevant decisions of the contracting officer are now between four and six years old, and witnesses may very well be difficult to locate, or may have forgotten pertinent facts even if they are found.

While Mystic is unable to defend itself on the merits against the government's enforcement action, it is certainly not without recourse. Mystic has already sought to enforce a claim against its former attorney by filing a third-party complaint against him in this action. In *Link,* the Supreme Court said that "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." *Link, supra* at 634, n. 10, 82 S.Ct. at 1390, n. 10. See also, *Universal Film Exchanges, Inc., supra* at 577. In *Brown,* this Court wrote (72 F.R.D. at 200):

The time has come for lawyers to be responsible for their mistakes and their lack of attention to their professional responsibilities. Doctors are held responsible for their mistakes in malpractice suits. Engineers and architects are regularly sued for errors which cost their clients money. Yet few are the attorney malpractice suits which are brought. And few will be brought if trial judges look the other way in the face of clear incompetence and regularly give attorneys another chance where they have disregarded schedules reasonably set for the disposition of litigation.

In this particular case, defendant Mystic has asserted such a malpractice claim against its attorney.

For all these reasons, this Court concludes that, as a matter of law, plaintiff's motion for summary judgment must be granted, and that defendant's motion for a stay or a remand of these proceedings must be denied. Judgment will accordingly be entered in favor of the plaintiff in the amount of $139,852.81 plus prejudgment interest and costs.

Accordingly, it is this 10th day of October, 1985, by the United States District Court for the District of Maryland,

ORDERED:

1. That plaintiff's motion for summary judgment be and the same is hereby granted;

2. That defendant's motion for a stay or a remand of these proceedings be and the same is hereby denied; and

3. That judgment is hereby entered in favor of plaintiff against defendant Mystic Fuel, Inc. in the amount of $139,-852.81 plus prejudgment interest at the rate set forth in each of the seven decisions by the contracting officer, such in-

terest to accrue from the date of each decision to the date of this judgment.