In re Carroll Richard OLSON, Mona Melva Olson, d/b/a Olson Farms, f/d/b/a Olson Fur Company, Inc., f/d/b/a Western Fur Company, Inc., Debtors.

CHANUTE PRODUCTION CREDIT ASSOCIATION, Plaintiff,

v.

Carroll Richard OLSON and Mona Melva Olson, Defendants.

Bankruptcy No. 81–20475.
Adv. No. 81–0711.

United States Bankruptcy Court,
D. Kansas.

April 21, 1986.

Mary Catherine Jackson, Kansas City, Kan., for debtors.

Martin R. Ufford, Redmond, Redmond, O'Brien & Nazar, Wichita, Kan., for PCA.

James E. Kunce, Trustee, Kansas City, Kan.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

This adversary proceeding is before the Court on the motion of the Chanute Production Credit Association (PCA) for sanctions and entry of default judgment under Bankruptcy Rule 7037 and Federal Rule of Civil Procedure 37. The debtors are represented by Mary Catherine Jackson and the PCA is represented by Martin R. Ufford.

## FACTS

The Chanute PCA filed this adversary proceeding to determine the dischargeability of a $176,026.15 debt and to object to discharge on October 7, 1981. The proceeding is still in discovery. The PCA first attempted to examine the debtors under former Bankruptcy Rule 205 (now Rule 2004) in November, 1982, but the examination was cancelled when debtors' counsel withdrew.

In August, 1983 the PCA moved for an order compelling the debtors to submit to an examination. In opposing the motion, the debtors argued that the PCA was responsible for the delay and contended that 11 U.S.C. § 727(e)(2) barred the PCA's complaint. In April, 1984 Judge Franklin rejected these arguments and ordered the debtors to submit to a 2004 examination. The court found:

2. The delays in the taking of the 2004 Examinations in this adversary action were caused by the action of the debtors who have retained five different attorneys since they filed their Chapter 7 Petition on May 26, 1981.

3. The PCA has not been guilty of latches [sic] in pursuing the complaint it filed in this adversary proceeding and is entitled to take a 2004 Examination of both of the debtors in this case.

4. Although the debtors have failed to attend previously scheduled 2004 Examinations ordered by the court in this case, the court will give the debtors one more opportunity to submit to a 2004 Examination conducted by the plaintiff before the court will entertain a motion for sanctions by the plaintiff in the event the defendants fail to appear for their 2004 Examinations as ordered by the court."

The Court set the examination for May 21, 1984, and ordered the debtors to provide all relevant documents and records in their possession or control. The debtors appeared for the examination, and brought some records, but did not account in any detail for the livestock in which the PCA claimed a security interest. Mr. Olson testified generally that he lost much of his livestock to disease and theft, and said that a veterinarian might have some records of his death losses. He also stated that the PCA authorized him to sell livestock and apply the proceeds to operating costs. Mr. Olson stated that his own tax records might show cattle losses, but he did not bring them to the examination. He said his former attorney in Wichita might have some documents and records, but Mr. Olson had made no effort to obtain the records. He also said his daughter had some records in a safe deposit box, but he had not attempted to obtain them for the examination. Mrs. Olson stated that in 1978 some unidentified person broke into their office and took some records. She also said that the night before the examination she discovered that some records were missing. She speculated that one of her children might have those records.

At a hearing on February 27, 1986, however, the debtors contended that U.S. Marshals had seized their records in 1981. The Marshal's return does not include any doc-

uments or records on the list of property taken in 1981.

In August, 1984 the PCA filed a motion for an order requiring debtors to provide an accounting of all livestock in which the PCA claimed a security interest. Judge Franklin granted the motion for an accounting and ordered the debtors to provide an accounting by February 1, 1985.

On January 14, 1985 the debtors filed a notice of appeal from the order for an accounting. They did not designate a record or move for a stay until March 11 and the District Court dismissed the appeal on April 23 for lack of prosecution.

On January 14 the debtors also filed a motion to close the adversary proceeding, again arguing that the PCA had caused the delays, and contending that 11 U.S.C. § 727(e)(2) barred the PCA's § 523 complaint. Judge Franklin denied the motion in an order filed on March 12, 1985, stating that the debtors' argument had already been rejected in the order granting the PCA's motion for an accounting.

Judge Franklin reassigned the case to this Court on March 12, 1985 in response to the debtors' motion for disqualification.

On February 22, 1985 the PCA moved for sanctions and default judgment for failure to comply with discovery orders. At a hearing in April, 1985 the Court ruled that the debtors were in violation of the order to provide an accounting by February 1 because they had not obtained a stay pending the appeal. The parties have filed a number of briefs and memoranda on this matter, the most recent being the debtor's motion for leave to file a response brief out of time.

## CONCLUSIONS OF LAW

The sole issue is what sanctions the Court should impose on the debtors for their failure to comply with discovery orders.

Federal Rule of Civil Procedure 37 applies in adversary proceedings in Bankruptcy Courts. Bankruptcy Rule 7037. Federal Rule of Civil Procedure 37(b) provides:

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other

circumstances make an award of expenses unjust.

■ Default judgment and involuntary dismissal are the most severe sanctions under Rule 37. They are appropriate when a party's failure to comply with a discovery order is due to willfulness or bad faith. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 2779–80, 49 L.Ed.2d 747, 749 (1976); *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1097, 2 L.Ed.2d 1255 (1958); *Kabbe v. Rotan Mosle, Inc.,* 752 F.2d 1083 (5th Cir.1985); *Brown v. McCormack,* 608 F.2d 410 (10th Cir.1979). Dilatory, evasive tactics and deliberate, repeated failures to comply with discovery orders justify dismissal and default judgment under Rule 37. See *Kabbe v. Rotan Mosle, Inc.,* 752 F.2d 1083; *Davis v. Fendler,* 650 F.2d 1154 (9th Cir.1981).

■ Here, the record establishes that the debtors have resisted discovery with dilatory and evasive tactics since November, 1982 when the first scheduled examination was cancelled. Judge Franklin found in April 1984 that the debtors alone were responsible for delaying discovery, but gave them one last chance to submit to an examination. They did submit to an examination, but continued to resist discovery. They did not, as ordered bring all their records to the examination. The debtors did not make a good faith effort to obtain records they said were in the possession of others.

■ The debtors also failed to comply with Judge Franklin's order to provide an accounting by February 1, 1985. (Although a "motion for accounting" is not one of the discovery methods listed in Federal Rule of Civil Procedure 26(a), the Court considers the PCA's motion to be a discovery tool comparable to an interrogatory under Rule 33 combined with a motion and order to compel comparable to one under Rule 37(c). The Court therefore may impose sanctions for failure to comply with that order.) The debtors appealed that order, but did not move for a stay pending appeal under Bankruptcy Rule 7062 and Federal Rule of Civil Procedure 62(d) until March 11, 1985. No stay was ever granted, and the appeal was dismissed for lack of prosecution.

Because the debtors did not obtain a stay, the order to provide an accounting was effective on February 1. The debtors did not comply with the order by the February 1 deadline, nor have they done so since. Instead, they filed a motion to close the adversary proceeding, arguing that the PCA was responsible for the delay and that 11 U.S.C. § 727(e)(2) barred the PCA's § 523 complaint. These were precisely the same arguments already rejected by the April, 1984 order establishing a 2004 examination.

Judge Franklin denied the motion to close. The motion was completely without merit and served only to harass and delay the PCA. The debtors were responsible for delaying the 2004 examination and continued their dilatory and evasive conduct at the examination and after. The Court notes that the debtors have changed their explanation of why they cannot supply documents and records. This is a further sign of bad faith that can justify harsh sanctions under Rule 37. See *Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989 (8th Cir.1975).

The Court finds that the debtors have without any justification failed to comply with discovery orders. The Court therefore grants default judgment under Federal Rule of Civil Procedure 37(b)(2)(C) in the amount of $176,026.15 against the debtors and in favor of the Chanute PCA.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.